**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; and SCOTT ZINN; individually and on behalf of other similarly situated,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**UNION PACIFIC RAILROAD COMPANY,**<br><br>    **Defendant.** | **8:16CV381**<br><br>**PARTIES' JOINT STIPULATED FED. R. EVID. 502(d) ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION** |

Plaintiffs, Quinton Harris, John Baker, Geoffery Miller, Norman Mount, Thomas Taylor, and Scott Zinn, and Defendant, Union Pacific Railroad Company, by and through their respective counsel, have jointly stipulated (Filing No. 99) to the terms of this Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same, the motion is granted as set forth below.

## I.    APPLICABILITY

1.    This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

## II.    PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2.    The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation

of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information.

3.    The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the protection allowed by Federal Rule of Evidence 502(d).

4.    The producing party must notify the receiving party promptly, in writing, upon discovery that a document has been produced. Upon receiving written notice from the producing party that privileged and/or work product material has been produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in paragraph 5, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

5.    The receiving party may contest the privilege or work product designation by the producing party, shall give the producing party written notice of the reason for said disagreement. In that event, the receiving party shall return the allegedly privileged document and the producing party shall provide a log entry for the document. The receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material. If no such Order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed document shall be returned in accordance with this paragraph.

6.      Any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged.  Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

7.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## III.    PRIVILEGE LOGGING

8.      The following documents presumptively need not be included on a privilege log:

a. Written or oral communications between a party and its counsel after commencement of this litigation and work product material created after commencement of the any litigation relating to this litigation.

b. Work product created by outside counsel, or by an agent of outside counsel other than a party after commencement any litigation.

c. Written or oral communications between a party and its in-house counsel whose primary role it to manage litigation.

9.      An email thread for which a party claims a privilege may be logged in a single entry.

**IT IS SO ORDERED.**

Dated this 12th day of December, 2016.

                                            BY THE COURT:

                                             s/ Thomas D. Thalken
                                            United States Magistrate Judge